COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 31 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

July 29, 2020

United States District Court for the Western District of Virginia
210 Franklin Rd SW
Roanoke, VA, 24011, United States

Re: Nelson Barre and Danielle Barre
  v. DCN Holdings, Inc.

Case or Matter No.: 7:20-cv-00416

## CERTIFICATE OF COMPLIANCE

I hereby certify that in Richmond, Virginia on July 28, 2020, the following process in the above-styled matter was served on me as statutory agent for DCN Holdings, Inc. in accordance with § 12.1-19.1 of the Code of Virginia by Priority mail, and that on July 29, 2020, a copy of the Service of Process was sent by first-class United States mail to:

DCN Holdings, Inc.
1806 33rd St., Suite 180
Orlando, FL, 32839, United States

A copy of the request of the person seeking service is also submitted herewith.

Dated: July 29, 2020

Sincerely,

*Bernard J. Logan*
Bernard J. Logan
Interim Clerk of the Commission



SOP-19.1
(10/19)

**COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION**

**SERVICE OF PROCESS, NOTICE, ORDER OR DEMAND
ON THE CLERK OF THE STATE CORPORATION COMMISSION
AS STATUTORY AGENT**

1. Service on the Clerk of the State Corporation Commission relates to the following proceeding:

   Style of Proceeding: __Nelson and Danielle Barre v. DCN Holdings, Inc.__
   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

   Proceeding Pending in: __US District Court for the Western District of VA, Roanoke__
   (Jurisdiction)                                (Name of Court or Tribunal)

   Court's Case / Matter No.: __7:20-cv-00416__

   Court's Address: __210 Franklin Rd SW, Roanoke, VA 24011__
   (Mailing Address)

2. Service on the Clerk of the State Corporation Commission is being made pursuant to Virginia Code §§ 12.1-19.1 and **(mark the appropriate box):** [See the Instructions for more information.]

   | | | | |
   |---|---|---|---|
   | ☐ 13.1-637 B | ☐ 13.1-928 B | ☐ 38.2-801 | ☐ 50-73.58:1 C |
   | ☑ 13.1-758 F | ☐ 13.1-929 E | ☐ 38.2-809 | ☐ 50-73.59 E |
   | ☐ 13.1-766 B | ☐ 13.1-930 D | ☐ 38.2-1216 | ☐ 50-73.134 F |
   | ☐ 13.1-767 D | ☐ 13.1-1018 B | ☐ 38.2-5103 | ☐ 50-73.135 G |
   | ☐ 13.1-768 D | ☐ 13.1-1056 D | ☐ 50-73.7 B | ☐ 50-73.139 |
   | ☐ 13.1-836 B | ☐ 13.1-1056.1 C | ☐ 50-73.58 D | ☐ 50-73.140 |
   | ☐ 13.1-920 E | ☐ 13.1-1057 E | | |

   ☐ Other Virginia Code section or statutory authority (specify): _____

3. Pursuant to the foregoing legal authority, the Clerk of the Commission is being served as statutory agent of __DCN Holdings, Inc.__,
   (name of defendant / business entity)

   whose mailing address for this service of process is   [One address per form. See Instructions.]
   __1806 33rd St., Suite 180   Orlando,   Florida   32839__
   (number / street, P.O. Box, Rural Route, etc.)      (city or town)       (state)      (zip code)

4. The Clerk's Office should mail its receipt (or rejection letter) to:

   Name: __The Thomas Law Office, PLC__

   Attn: _____

   Address: __11130 Fairfax Blvd., Ste. 200,   Fairfax,   VA   22030__
   (number / street, P.O. Box, Rural Route, etc.)      (city or town)       (state)      (zip code)

   Telephone No: __(703) 957-2577__          Email: __mthomas@thomaslawplc.com__
   (optional)                                                (optional)

**THREE COPIES OF THIS FORM MUST BE SUBMITTED
WITH TWO COPIES OF THE PAPERS TO BE SERVED**

**REVIEW THE INSTRUCTIONS BEFORE SUBMITTING THIS FORM**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| NELSON BARRE <br><br> DANIELLE BARRE <br><br> *Plaintiff(s)* <br> v. <br><br> DCN HOLDINGS, INC. <br><br> *Defendant(s)* | Civil Action No. 7:20cv00416 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Registered Agent: Karla Brown
1806 33rd Street
Suite 180
ORLANDO, FL 32839

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

D. MARGEAUX THOMAS
THE THOMAS LAW OFFICE, PLC
11130 FAIRFAX BLVD., STE 200
FAIRFAX, VA 22030

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JULIA C. DUDLEY, CLERK OF COURT



Date: 07/17/2020

s/ A. Seagle
*Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 7:20cv00416

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA
### (Roanoke Division)

| | |
|---|---|
| NELSON AND DANIELLE BARRE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DCN HOLDINGS, INC. )<br>)<br>Defendant. )<br>) | Case No.: 7:20cv00416<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

COMES NOW the Plaintiffs, Nelson and Danielle Barre, by and through undersigned counsel, D. Margeaux Thomas of The Thomas Law Office, PLC, and hereby files this Complaint against Defendant, DCN Holdings, Inc. d/b/a Accounts Receivable ("DCN" or "Defendant"), and in support hereof states as follows:

### INTRODUCTION

The Federal Debt Collection Practices Act ("FDCPA") imposes specific requirements on debt collectors in their attempts to collect a debt. The purpose of the FDCPA is to protect consumers' privacy and prohibit abuse, deception, and unfair practices. The rights and obligations established by Section 1692g of the FDCPA were considered by the Senate to be a "significant feature" of the Act. Among the unfair and deceptive practices that the FDCPA prohibits is communication with a consumer with knowledge that the consumer is represented by an attorney.

### Jurisdiction and Venue

1.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

**Parties**

2. The Plaintiffs, Nelson and Danielle Barre, are natural persons and are Virginia residents.

3. Defendant DCN Holdings Inc. is a Florida corporation doing business as "Accounts Receivable" that is actively collecting debts of Virginia residents.

**STATEMENTS OF FACT**

4. In May of 2018, the Plaintiffs hired Long Distance Van Lines ("LDVL") to move their household goods cross-country from Oregon to Roanoke County, Virginia.

5. On April 19, 2018, the Plaintiffs received a "binding moving estimate" totaling $6,373.75.

6. Despite the $6,373.75 "binding" estimate, LDVL charged the Plaintiffs $9,644.10 on the day of the move.

7. Included in the $6,373.75 estimate was a "guaranteed" move date, which LDVL failed to meet by three weeks. The Plaintiffs paid a $600 fee for the "guarantee." LDVL failed to refund the $600 fee and failed to credit the Plaintiffs for the days that they missed the moving deadline.

8. After being unfairly manipulated into paying a gross overcharge on their moving day, the Plaintiffs disputed the portion of the $9,644.10 charge that exceeded the "binding" estimate with their credit card carrier.

9. The Plaintiffs were awarded a credit of $3,270.35 from their credit card carrier.

10. Soon after the move and credit card charge-back, LDVL hired the Defendant to collect a $5,500 debt from the Plaintiffs. Upon information and belief, LDVL and the Defendant more than doubled the amount in dispute in an effort to punish the Plaintiffs for standing up to LDVL's unfair and deceptive business practices.

2

11. The Defendant sent collection letters and collection emails to the Plaintiffs in several attempts to collect $5,500 on behalf of LDVL. The Defendant also repeatedly called the Plaintiffs' cell phones pressuring the Plaintiffs to pay the false debt.

12. On October 29, 2018 and November 27, 2018 Plaintiffs' counsel sent demand letters to both LDVL and Defendant which stated: "Until either the Barres or this law office advises you otherwise, please do not contact the Barres directly."

13. The aforementioned demand letters also outlined the reasons why the $5,500 purported debt was not owed to the Defendant or LDVL.

14. Defendant continues to contact the Plaintiffs by email demanding the purported $5,500 debt even after clear notification from an attorney that the Plaintiffs are represented.

## COUNT 1 – FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) – 15 U.S. Code § 1692 et. seq.

### A. Violation of FDCPA, 15 U.S. Code § 1692c(a)(2)

15. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

16. DCN is a "collector" as defined by the Federal Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

17. FDCPA § 1692(a)(2) states that a debt collector like the defendant cannot communicate with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address..."

18. In the instant case, Defendant sent several collection communications by letter and email to the Plaintiffs after Plaintiffs' counsel sent demand letters requesting that communication with the Plaintiffs only occur through Plaintiffs' counsel. These communications include:

     a. November 12, 2018 collection letter

     b. December 19, 2018 debt collection email

     c. April 15, 2019 debt collection email

     d. April 19, 2019 debt collection email

     e. May 3, 2019 debt collection email

     f. March 9, 2020 debt collection email

19. As a proximate result of Defendant's violation of Section 1692c of the Federal Debt Collection Practices Act, a strict liability provision, Plaintiffs have suffered emotional distress, frustration, aggravation, and other damages.

**B.  Violation of FDCPA, 15 U.S. Code § 1692e(2)(A)**

20. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

21. DCN is attempting to collect a debt that has no basis in contract or law from the Plaintiffs. $5,500 is more than the amount the Plaintiffs received in refund from their bank card dispute. The Plaintiffs told DCN about the nature of the dispute, so DCN had to have known that $5,500 was a number that was never contracted for, and that LDVL unlawfully fabricated. Plaintiffs' counsel also notified DCN that the purported debt was unlawful.

22. FDCPA §1692e(2)(A) prohibits a debt collector from false representation of the character, amount, or legal status of any debt.

23. DCN's constant attempt to collect a false $5,500 debt is in clear violation of § 1692e(2)(A).

24. As a proximate result of DCN's violative conduct, the Plaintiffs suffered concrete harm including emotional distress. DCN threatened to report the $5,500 false debt on the Plaintiffs' credit reports, a threat that caused severe emotional distress to the Plaintiffs while they were trying to purchase a house.

4

WHEREFORE IT IS REQUESTED THAT this Honorable Court render a judgment in favor of Plaintiffs against Defendant in the amount of $20,000 for all reasonable damages sustained by Plaintiffs, including, but not limited to, damages for emotional distress, frustration, and aggravation, reasonable attorney's fees, court costs, and any further relief that this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully prays this Court for relief as follows:

A.  Judgment against the Defendant in the amount in a sum of $20,000 or in a sum to be determined at trial.

B.  For all reasonable damages sustained by Plaintiffs, including, but not limited to, statutory damages, actual damages, and compensatory damages associated with inconvenience, emotional distress, mental anguish, frustration, and aggravation;

C.  For costs incurred in pursuant of this action;

D.  For reasonable attorney's fees; and

E.  Any and all other relief to which it may appear the Plaintiffs are entitled including trial by jury.

Dated: July 17, 2020

Respectfully Submitted,

/s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd. Suite 200
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Plaintiff 4D-Enterprises, LLC*

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NELSON BARRE
DANIELLE BARRE

**(b)** County of Residence of First Listed Plaintiff   Roanoke County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
D. Margeaux Thomas, The Thomas Law Office PLC, 11130 Fairfax Blvd., Suite 200, Fairfax, VA 22030 Telephone: 703.957.2577

## DEFENDANTS
DNC HOLDINGS, INC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S. Code § 1692
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 20,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 07/17/2020
SIGNATURE OF ATTORNEY OF RECORD /s/ D. Margeaux Thomas

**FOR OFFICE USE ONLY**
RECEIPT # 0423-3441165  AMOUNT $400.00  APPLYING IFP _____  JUDGE Dillon  MAG. JUDGE _____

**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**
P. O. BOX 1197
RICHMOND, VIRGINIA 23218-1197



ZIP 23219  $ 001.40
02 4W
0000366038 JUL 29 2020

RECEIVED
JUL 31 2020
USDC Clerk's Office
Mail Room

**FIRST CLASS**