IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NELSON BARRE and <br> DANIELLE BARRE, <br>       Plaintiff, <br> v. <br> DCN HOLDINGS, INC., <br>       Defendant. | Case No. 7:20-cv-00416 <br><br> By: Elizabeth K. Dillon <br>      United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on a motion for default judgment filed by plaintiffs Nelson Barre and Danielle Barre. (Dkt. No. 9.) For the reasons stated below, the court will grant the motion.

I. BACKGROUND

In May of 2018, Nelson and Danielle Barre hired Long Distance Van Lines ("LDVL") to move their household items from Oregon to Roanoke County, Virginia. (Compl. 2, Dkt. No. 1.) On April 19, 2018, LDVL provided the Barres with a "binding moving estimate" of $6,373.75, which included a $600 fee for a "guaranteed" move date. LDVL failed to meet the move date by three weeks and charged the Barres $9,644.10 for the move. (*Id.*) The Barres disputed the $9,644.10 charge with their credit card carrier and were awarded a credit of $3,270.35 from the credit card carrier. (*Id.*)

After the move, LDVL hired defendant DCN Holdings, Inc. to collect an alleged $5,500 debt from the Barres. (*Id.*) DCN Holdings sent collection letters and emails to the Barres to collect the debt. DCN Holdings also called the Barres cell phones multiple times "pressuring Plaintiffs to pay the false debt." (*Id.* at 3.) On October 29, 2018, and November 27, 2018, the

1

Barres' counsel sent demand letters to LDVL and DCN Holdings which stated: "Until either the Barres or this law office advises you otherwise, please do not contact the Barres directly." (*Id.*) The demand letters also explained why the Barres do not owe the alleged $5,500 debt to LDVL or DCN Holdings. (*Id.*) Nevertheless, the Barres allege that DCN Holdings continued to contact the Barres by email, demanding the purported $5,500 debt. (*Id.*)

On July 17, 2020, the Barres filed suit against DCN Holdings alleging that DCN Holdings violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(a)(2), 1692e(2)(A), by sending multiple collection letters directly to the Barres after being informed that the Barres were represented by counsel and for attempting to collect a false debt. (*Id.* at 3–4.) The Barres seek a judgment in the amount of $20,000 for statutory damages, actual damages, and compensatory damages, in addition to costs and attorney's fees. (*Id.* at 4.) On July 28, 2020, the interim clerk of the Virginia State Corporation Commission was served with process as a statutory agent for DCN Holdings in accordance with Virginia Code § 12.1-19.1. (Dkt. No. 5 at 1.) The next day, the interim clerk sent a copy of the service of process by first class mail to DCN Holdings' address in Orlando, Florida. (*Id.*)

DCN Holdings never filed an answer with the court. On September 17, 2020, the Barres filed a motion for an entry of default (Dkt. No. 6), which the court granted (Dkt. No. 7). The Barres later filed a motion of for entry of a default judgment in which they request $20,000 in damages. (Dkt. No. 9.)

II.  DISCUSSION

**A. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default." "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." *Hummel v. Hall*, 868 F. Supp. 2d 543, 547 (W.D. Va. 2012) (citing Fed. R. Civ. P. 55(b)(1)). "However, when . . . the sum is not certain, default judgment can only be made by the court." *Id.* (citing Fed. R. Civ. P. 55(b)(2); *Agri–Supply Co. v. Agrisupply.Com,* 457 F. Supp. 2d 660, 662 (E.D. Va. 2006)).

"Upon default, the plaintiff's factual allegations are accepted as true for all purposes, excluding the determination of damages." *Id.* (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.")). "Although the clear policy of the Federal Rules of Civil Procedure is to encourage dispositions of claims on their merits, the entry of default judgment is committed to the discretion of the trial court." *Id.* at 548 (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974))). In reviewing motions for default judgment, courts have considered the following factors:

> (1) whether there is a large amount of money involved in the litigation; (2) whether there are material issues of fact in the case needing resolution; (3) whether the case involves issues of great public importance; (4) whether the grounds for the motion for a default judgment are highly technical; (5) whether the party asking for a default judgment has been prejudiced by the non-moving party's actions or omissions; (6) whether the actions or omissions giving rise to the motion for a default judgment are the result of a good-faith mistake on the part of the non-moving party; (7) whether the actions or omissions giving rise to the motion for a default judgment are the result of excusable neglect on the part of the non-moving party; and (8) whether the grounds offered for the entry of a default judgment are clearly established.

*Id.* (citing *Faulknier v. Heritage Fin. Corp.*, 1991 U.S. Dist. LEXIS 15748, at *11–12 (W.D. Va. May 20, 1991) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §§ 2684–85 (1990))).

## B. FDCPA Claims

"To prevail on a claim under the FDCPA, a plaintiff must demonstrate that '(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute, [and]; (3) the defendant has violated by act or omission a provision of the FDCPA.'" *Bickley v. Gregory*, No. 2:16CV131, 2016 WL 6306148, at *3 (E.D. Va. Oct. 7, 2016), *report and recommendation adopted*, No. 2:16CV131, 2016 WL 6398804 (E.D. Va. Oct. 26, 2016) (quoting *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997)). "With respect to the first element, the FDCPA defines 'consumer' as 'any natural person obligated or allegedly obligated to pay any debt.'" *Id.* (quoting 15 U.S.C. § 1692a(3)). "The FDCPA further defines 'debt' as an obligation to pay money arising out of a transaction which is 'primarily for personal, family, or household purposes.'" *Id.* (quoting 15 U.S.C. § 1692a(5)). "Second, the statute defines 'debt collector,' in pertinent part, as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.'" *Id.* (quoting 15 U.S.C. § 1692a(6)).

Here, the Barres are consumers and their transaction with LDVL, out of which the alleged debt arose, is of the type covered by the FDCPA. Furthermore, DCN Holdings, hired by LDVL to collect the alleged debt, is a debt collector. Finally, the Barres adequately allege violations of the FDCPA. Therefore, the Barres may prevail on their FDCPA claims.

### 1. Count I – 15 U.S.C. § 1692c(a)(2)

The FDCPA Section 1692c(a)(2) provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
> . . .
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

Here, the Barres allege that their attorney sent two letters to LDVL and DCN Holdings advising them that the Barres had counsel and not to contact the Barres directly. DCN Holdings should have been able to readily ascertain the contact information for the Barres' attorney based on these letters. Nevertheless, DCN Holdings continued to contact the Barres directly regarding the alleged debt. Therefore, DCN holdings is liable for a violation of 15 U.S.C. § 1692c(a)(2).

### 2. Count II - 15 U.S.C. § 1692e(2)(A)

The FDCPA Section 1692e(2)(A) provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt . . . .

Here, the Barres allege that LDVL provided them with a "binding moving estimate" of $6,373.75 and later charged them $9,644.10 for the move. The Barres paid but disputed the $9,644.10 charge and were later awarded a credit of $3,270.35 from their credit card carrier. Thus, the Barres paid to LDVL the amount quoted in the binding moving estimate. Even if the Barres owed LDVL the $9,644.10 charged on the day of the move, rather than the $6,373.75 quoted in the binding moving estimate, the amount they would still owe LDVL is $3,270.35, not $5,500. Nevertheless, DCN Holdings has falsely represented that the Barres owe LDVL $5,500. Therefore, DCN Holdings is liable for a breach of 15 U.S.C. § 1692e(2)(A).

In addition, over a year has elapsed since the Barres filed this action and DCN Holdings has failed to file an answer or any responsive filing in this case, despite being served with proper notice of the suit. This case does not involve a large sum of money, nor issues of great public concern or highly technical matters. For all these reasons, and DCN Holdings' liability on the merits, a default judgment in favor of the plaintiffs is appropriate.

## C. Damages

"[I]f the court determines that liability is established, it must then determine the appropriate amount of damages." *Harrington v. Matchmaking*, No. 3:16CV00084, 2017 WL 1906954, at *1 (W.D. Va. May 8, 2017) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). "In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2)." *Id.* "The court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award." *Id.* (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing")). The FDCPA allows an individual plaintiff to recover actual damages, statutory damages up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1629k(a). *Bickley*, No. 2:16CV131, 2016 WL 6306148, at *7.

Regarding statutory damages, the FDCPA "provides for damages of $1,000.00 per lawsuit, not per incident." *Barnett v. Creditors Specialty Serv., Inc.*, No. 1:12cv303, 2013 WL 1629090, at *2 (W.D.N.C. Apr. 16, 2013). "In determining whether Plaintiff is entitled to a statutory damages award, the Court must consider 'the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which

6

such noncompliance was intentional.'" *Dryden v. Accredited Collection Agency, Inc.*, No. 3:14-CV-255, 2015 WL 3646649, at *6 (E.D. Va. June 10, 2015) (quoting 15 U.S.C. § 1692k(b)(1)).

In addition, "[a] consumer may recover 'any actual damage sustained by such person' as a result of a debt collector's failure to comply with the FDCPA." *Bickley*, No. 2:16CV131, 2016 WL 6306148, at *7 (citing 15 U.S.C. § 1629k(a)(1)). "Although the actual damages provision encompasses damages for emotional distress, *Dryden*, No. 3:14cv255, 2015 WL 3646649, at *5 (quoting *Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv651, 2009 WL 1010851, at *4 (E.D. Va. Apr. 14, 2009)), [c]ourts are 'reluctant to award damages for emotional distress from violations of the FDCPA absent an aggrieved plaintiff receiving mental health treatment or evidence that emotional distress concretely affected a plaintiff's personal or professional life.'" *Id.* (quoting *Valdez v. Arm Wyn, LLC*, No. 7:14cv00263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015) (quoting *Leto v. World Recovery Servs., LLC*, No. 3:14cv00489, 2015 WL 1897060, at *4–5 (W.D.N.C. April 27, 2015))) (citing *Dryden*, 2015 WL 3646649, at *5 (declining to award actual damages for emotional distress when plaintiff presented "mere conclusory allegations" and no "competent proof" to support her request for $3,000.00); *Valdez v. Arm Wyn, LLC*, No. 7:14-CV-00263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015) (awarding $1,000.00 of the $5,000.00 requested for actual damages when plaintiff failed to provide "a declaration or other evidence detailing her specific emotional injuries or how those injuries have hampered her life"); *Leto*, No. 3:14-CV-00489-FDW, 2015 WL 1897060, at *3 (awarding $1,000.00 in actual damages when plaintiff did not receive mental health treatment and finding that "five months of modest anxiety and stress does not, without more, support an award of $10,000.00"); *Lundie v. Smith & Cohen, LLC*, No. 2:15cv291, 2016 WL 717113, at *5 (E.D. Va. Jan. 26, 2016) *report and recommendation adopted by* No. 2:15cv291, 2016 WL

715736 (E.D. Va. Feb. 18, 2016) (recommending that plaintiff receive the requested $2,000.00 in actual damages based on plaintiff's emotional distress, "including her diagnosed medical condition")).

In *Valdez*, No. 7:14-CV-00263, 2015 WL 3661102, at *3, plaintiff alleged that defendant "violated 15 U.S.C. § 1692c(a)(2) by contacting [plaintiff] directly after she informed [defendant] that she was represented by an attorney with respect to the debt at issue." *Id.* The court concluded, on default judgment, that defendant violated the FDCPA. Plaintiff requested "$5,000 in actual damages for the 'humiliation, embarrassment, stress, aggravation, emotional distress, and mental anguish' she experienced as a result of [defendant's] FDCPA violations." *Id.* at *3. However, the court only awarded her $1,000 in actual damages, reasoning that "Valdez has not provided a declaration or other evidence detailing her specific emotional injuries or how those injuries have hampered her life . . . [and even accepting the allegations as true], the court does not believe that a single boilerplate allegation, without more, supports an significant award of actual damages under the FDCPA." *Id.* In addition to the $1,000 in actual damages, the court awarded plaintiff $1,000 in statutory damages and attorney's fees and costs in the total amount of $3,613.50.

In *Leto, LLC*, No. 3:14-CV-00489-FDW, 2015 WL 1897060, at *2, the court entered default judgment against a debt collector. The plaintiff requested $10,000 in actual damages under the FDCPA, citing personal humiliation, embarrassment, mental anguish, and emotional distress. *Id.* "In support, plaintiff submitted a declaration stating that he experienced frustration, stress, and anxiety due to defendant's conduct on two separate occasions." *Id.* "Specifically, plaintiff state[d] that these conversations caused him to lose sleep, to fear that he would be denied the opportunity to sit for the North Carolina Bar examination, and to have tension in his

8

relationship with his girlfriend." *Id.* The court recognized that the debt collector defendant harassed and threatened plaintiff but awarded only $1,000 in actual damages. *Id.* The court reasoned that "five months of modest anxiety and stress does not, without more, support an award of $10,000." *Id.* In addition to the actual damages, the court awarded $1,000 in statutory damages. *Id.*

"The FDCPA also provides that a consumer may recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Bickley*, No. 2:16CV131, 2016 WL 6306148, at *7 (quoting 15 U.S.C. § 1692k(a)(3)). "When a plaintiff in an FDCPA action establishes liability, an award of attorney's fees is mandatory except in 'the most unusual circumstances.'" *Id.* (quoting *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (citing *Graziano v. Harrison*, 950 F.2d 107, 113–14 (3d Cir. 1991))). "A court has discretion to determine a reasonable award amount, *Carroll*, 53 F.3d at 628–29, but the analysis must begin with calculation of the lodestar figure." *Id.* (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).

Here, the Barres provide affidavits outlining the emotional distress they claim to have suffered because of DCN Holdings attempts to collect the alleged debt. Nelson Barre states that "[a]fter receiving frequent phone calls and emails indicating that [his] credit score would be greatly affected if [he] did not pay [DCN Holdings], [he] became over-stressed and unable to function at a normal capacity some days." (Dkt. No. 9-2 at 1.) Nelson's fears about his credit score extended to concerns that the alleged debt would prevent him from purchasing a home. Nelson started to take over-the-counter medication to deal with difficulty sleeping and headaches related to this stress. (*Id.*) Danielle Barre claims that DCN Holdings called her and told her that if she did not pay $5,500, her credit score would be ruined. (Dkt. No. 9-3 at 1.) This was

9

particularly stressful to Danielle because she and Nelson were trying to purchase their first home at that time. (*Id.*) Danielle reports that she has felt intestinal discomfort, tightening in her chest, anxiety, stomach cramping, diarrhea, painful gas, bloating, joint pain and swelling, mood swings, and depression because of DCN Holdings' collection activity. (*Id.* at 2.) Danielle notes that she was pregnant at the time and this emotional and physical stress may have put the health of her baby at risk. (*Id.*)

Although the Barres have suffered emotional distress that they attribute to DCN Holdings' collection activities, they do not claim to have sought mental health treatment related to this emotional distress. Danielle sought medical care related to digestive problems she was having at the time, but it is not clear that such problems can be attributed to emotional stress alone. In fact, her doctor advised her to change her diet in addition to reducing stress to remedy her digestive issues. While the Barres feared that DCN Holdings' activities may affect their credit score and ability to purchase a home, the Barres do not claim that their credit score was negatively affected or that they were unable to purchase a home. Moreover, the Barres claim to have received only six written communications from DCN Holdings after they requested that the company direct all communication to their counsel. (Dkt. No. 1 at 4.) This volume of communication and actual damage to the plaintiffs does not support a damages award of $20,000. Rather, based on comparable cases, the court will award the Barres $1,000 in statutory damages, $1,000 in actual damages, and reasonable costs and attorney's fees.[1]

### III. CONCLUSION

For the reasons stated above, the court will grant the Barres' motion for default judgment (Dkt. No. 9) and award the Barres' a total of $2,000 in damages, to be split equally, plus costs

---

[1] The Barres have not provided the court with any information regarding their attorney's fees. Therefore, the court cannot calculate reasonable attorney's fees at this time.

and reasonable attorney's fees upon application by counsel.

Entered: September 23, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge