IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NELSON AND DANIELLE BARRE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  7:20-cv-00416 |
| ) | |
| DCN HOLDINGS, INC., ) | By: Elizabeth K.  Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

This court granted default judgment in favor of plaintiffs, Nelson and Danielle Barre, against defendant, DCN Holdings, Inc. (DCN), on September 23, 2021.  (Dkt. No. 11).  The Barres now move for attorneys' fees and costs.  (2d Am. Mot. for Attorneys' Fees, Dkt. No. 14.)[1] For the following reasons, the court will grant in part and deny in part the Barres' motion.

I.  BACKGROUND

The Barres sued defendant DCN for violations of the Fair Debt Collection Practices Act (FDCPA) relating to DCN's repeated communications with the Barres attempting to collect a disputed debt despite notice from the Barres' attorney.  (Compl., Dkt. No. 1.)  DCN failed to appear in the case, and the clerk entered default on September 19, 2020.  (Dkt. No. 7.)  The Barres then moved for entry of default judgment against DCN for $20,000.  (Dkt. No. 9.)  This

---

[1] The Barres submitted an original motion (Dkt. No. 12) and an amended motion (Dkt. No. 13) prior to submitting a "second/final" corrected amended motion.  (Dkt. No. 14.)

1

court granted the Barres' motion for default judgment on September 23, 2021, and awarded damages in the amount of $2,000, plus costs and reasonable attorneys' fees. (Dkt. No. 11.)

The Barres now seek attorneys' fees and costs in the amount of $ 3,965 and $500 respectively. (Dkt. No. 14.)

## II. DISCUSSION

The FDCPA permits the award of reasonable attorney's fees, as determined by the court, for any successful action. 15 U.S.C. § 1692k. The court is afforded broad discretion in its determination. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995).

Calculation of the proper amount of fees awarded follows a three-step process. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the court calculates the "lodestar figure" by multiplying the number of reasonable hours expended by a reasonable billing rate. *Id.* Second, the court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* Third, the court awards a percentage of the remaining amount depending on the level of success enjoyed by the prevailing party. *Id.*

### A. Lodestar Figure

The Barres request $3,965 in attorneys' fees. The fees are based upon a combined total of 13.5 hours[2] completed by two attorneys and one paralegal. In its calculation, the court focuses primarily on the following factors promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor expended; (2) the novelty and

---

[2] The Barres' brief in support of their motion incorrectly sums the total number of hours. It lists 14.3 hours based on 8.8 hours by Goldson, 3.1 hours by Thomas, and 1.6 hours by Srour. These numbers total 13.5 hours.

difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for similar work; (6) the attorneys' expectations at the start of litigation; (7) the time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case within the legal community in which the action arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fee awards in similar cases. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The most relevant factors in this analysis are the time and labor expended, the attorneys' experience and ability, and the skill required to properly perform the legal services rendered. *Victor Stanley, Inc. v. SCH Enter.*, No. RDB-06-2662, 2019 WL 3841932, at *2 (D. Md. Aug. 14, 2019).

    1. **Reasonableness of hourly rates**

The Barres are represented by Ingmar Goldson, a member of the Maryland bar with more than eight years of experience, and D. Margeaux Thomas, a member of the Virginia bar with approximately 15 years of experience. Both attorneys practice civil litigation primarily in the Washington, D.C. metropolitan area. Maya Srour, Thomas's paralegal, also worked on the matter. The Barres submit hourly rates of $300 and $350 for Goldson and Thomas, respectively, and an hourly rate of $150 for Srour.

The party applying for the fees bears the burden of establishing a reasonable hourly rate. *McAfee*, 738 F.3d at 91. This reasonable hourly rate should be determined by the "prevailing

market rates in the relevant community" for comparable legal services. *Rum Creek Coal Sales Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). Here, the relevant community is Roanoke, Virginia, not the Washington, D.C. metropolitan area. The Barres support the reasonableness of their fees by pointing to matrices, such as the Laffey Matrix, that attempt to establish reasonable rates for the D.C. metro area; however, the court finds these matrices irrelevant to this matter. *See Holmes v. Gen. Dynamics Ordnance & Tactical Sys., Inc.*, No. 1:18CV00019, 2019 WL 5704291, at *5 n.5 (W.D. Va. June 17, 2019) (finding that the Laffey Matrix was irrelevant in determining the reasonableness of attorney's fees in Southwest Virginia).

The hourly rate of attorneys based out of the D.C. Metropolitan area is unquestionably higher than that of attorneys based out of Roanoke, Virginia. This court has found that an hourly rate of $350 is reasonable for an experienced attorney in "large" and "complex" civil litigation; however, this matter is neither large nor complex. For a "straightforward" case, particularly one that resulted in the entry of a default judgment, the court finds that a reasonable hourly rate for Goldson and Thomas is $250 and a reasonable rate for paralegal Srour is $100. *See Bressel v. Red Robin Int'l, Inc.*, No. 7:20CV00611, 2021 WL 3215124, at *2 (W.D. Va. July 29, 2021) (lowering reasonable rate from $350 to $250 for experienced attorney because of the "straightforward" nature of the case).

### 2. Reasonableness of hours

A prevailing party should make a good faith effort to document hours that are not "excessive, redundant, or otherwise unnecessary" in its fee request. *Hensley*, 461 U.S. at 434. Additionally, these requests should be free of "unacceptable duplication" in which two or more

attorneys bill for a task for which one attorney was sufficient. *Rum Creek*, 31 F.3d at 180. The Barres submit 13.5 hours for this matter: 8.8 hours by Goldson, 3.1 hours by Thomas, and 1.6 hours by Srour.

The documentation provided shows that the hours were spent developing the case, drafting and revising the FDCPA complaint, filing the motion for entry of default judgment, and communicating attorney-to-attorney and attorney-to-client.

The court will slightly lower the total number of hours submitted in this case. After default judgment was entered in the Barres' favor, the use of more than one attorney was duplicative and/or excessive. Therefore, the court will deduct time from Thomas's hour calculation. Otherwise, the court finds that the hours submitted are reasonable.

\*\*\*

In sum, the court finds the following lodestar amounts:

|  | Rate | Hours | Total |
|---|---|---|---|
| Goldson | $ 250 | 8.8 | $ 2,200 |
| Thomas | $ 250 | 2.4 | $ 600 |
| Srour | $ 100 | 1.6 | $ 160 |
| Total: |  | 12.8 | $ 2,960 |

B. **Degree of Success**[3]

The outcome of this case was relatively successful for the Barres. The Barres sought $20,000 in damages. This court granted default judgment as the result of DCN's failure to answer and awarded the Barres $2,000 in damages. Furthermore, the Barres and their counsel were saved time and expense because there was limited, if any, need for developing the case aside from drafting the complaint, given that DCN failed to answer, resulting in entry of default judgment in favor of the Barres. The court does not make any further adjustment to the lodestar amount.

C. **Costs**

The court finds that the $500.00 request for an award of costs is reasonable. Under §1692k of the FDCPA, a prevailing party in a civil liability action may recover an attorney's out-of-pocket expenses if they are reasonable and would normally be charged to the client for the provision of legal services. *Carroll*, 53 F.3d at 628 (4th Cir. 1995). These requested costs include the $400.00 filing fee and the $100.00 pro hac vice fee. It is well-settled that filing fees are recoverable, *ZEN42 LLC v. Washington & Lee Univ.*, No. 6:17-CV-53, 2018 WL 10593818, at *8 (W.D. Va. Aug. 31, 2018) (finding that $400.00 for filing fees were recoverable because they were reasonably incurred), and the court will also award the pro hac vice fee as a filing fee.

---

[3] The second step of the calculation process regarding hours spent on unsuccessful claims is inapplicable because plaintiffs did not have any unsuccessful claims.

## III.  CONCLUSION

For the reasons stated above, the court will grant in part and deny in part the Barres' motion for attorneys' fees and costs.  With the above-mentioned deductions, the court will award a total amount of $3,460 to the plaintiffs for fees and costs, itemized as follows: Fees: $2,960.00; Costs: $500.00

A separate order will issue.

Entered: June 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge